O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE CHAVEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>   Defendant. | Case No. LA CV 14-0857 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

  Candice Chavez ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (*See* Joint Stip. at 4-11, 15-16.)

  As a rule, an ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what

1

evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

### 1.     Evidence of Malingering

As an initial matter, the ALJ was entitled to reject Plaintiff's testimony without providing clear and convincing reasons because there was affirmative evidence of malingering. *See Benton*, 331 F.33 at 1040; *Watkins v. Comm'r of Soc. Sec.*, 2015 WL 2373773, at *1 (9th Cir. 2015) (ALJ did not err in rejecting subjective testimony when record contained affirmative evidence suggesting claimant was malingering). Significantly, the ALJ cited evidence showing that: (1) Plaintiff repeatedly failed to put forth good effort during examinations, and psychological and intelligence testing, which skewed results; (2) an examining psychiatrist found an "extremely high probability of malingering"; and (3) Plaintiff's credibility was "challenged in the school records, by her treatment providers, and by consultative evaluators." (Administrative Record ("AR") at 33-37, 68-69, 276, 282, 320, 343, 354-55, 380-85, 389, 530, 725-30, 727, 729, 741, 746, 766).

### 2.     Clear and Convincing Reasons for Rejecting Plaintiff's Credibility

Additionally, despite no need to do so, *Lester*, 81 F.3d at 834, the ALJ provided at least five clear and convincing reasons for discounting Plaintiff's testimony.

First, Plaintiff's subjective complaints contradicted objective medical findings. (AR at 35-36); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony). For example: (1) despite reporting anxiety affecting her ability to work in December 2009, a physician's assistant noted that Plaintiff had normal affect, was not anxious, did not have flight of ideas, and denied hopelessness; (2) a February 2011 neuro/psychiatric examination revealed no difficulty in concentration, no mental disturbances, no psychiatric symptoms, and

appropriate behavior; and (3) an examining psychologist observed that Plaintiff did not present any discernible signs or symptoms supporting her subjective allegations. (AR at 381, 384, 386, 602-03; 653-55, 666-67, 672, 693, 711, 729.)

Second, no medical opinions concluded that Plaintiff was unable to work. (*Id.* at 36); *see Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (ALJ did not err in discounting claimant's assertions where no treating or examining doctor stated or implied that claimant's impairments were disabling, and where medical reports disclosed no findings indicative of disability); *Rollins*, 261 F.3d at 856-57.

Third, Plaintiff admitted that the medications she was taking effectively managed her symptoms. (AR at 34, 382); *see Lindquist v. Colvin*, 588 F. App'x 544, 547 (9th Cir. 2014) (ALJ properly discounted claimant's testimony in part because symptoms were controlled by medication); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 599 (9th Cir. 1999) (ALJ properly discredited claimant's subjective complaints by citing physician's report indicating that mental symptoms improved with medication).

Fourth, Plaintiff's daily activities – including being able to care for her three young children,[1] do light cooking, complete chores, and regularly visit with family – are inconsistent with her allegation of complete disability. (AR at 33, 36-37, 59, 68, 77, 163, 188-89, 196-97, 214-15, 230-31, 238-39, 297, 303, 383, 396, 455, 727, 741, 790); *see Rollins*, 261 F.3d at 857 (ALJ properly discounted subjective complaints based in part on claimant's ability to attend to needs of her two children, cook, and complete chores); *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005) (ALJ properly discounted claimant's testimony based in part on claimant's ability to care for her special needs children, pay bills, do laundry, and cook).

Fifth, Plaintiff's testimony that she does not like to leave her house or be around people is inconsistent with her ability to take her children to school and keep

---

[1] Notably, Plaintiff testified that two of her children require special education. (AR at 61-62.)

3

appointments. (AR at 33, 37, 58, 63, 77-78, 198, 200, 214, 217, 230, 238, 299, 373, 442); *see Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistency between claimant's testimony and conduct supports rejection of claimant's credibility).

Thus, the ALJ properly discounted Plaintiff's credibility.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: June 19, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Report and Recommendation is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*